In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-553 CV


____________________



IN THE INTEREST OF J.R.L.






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Cause No. 99-06-05762






MEMORANDUM OPINION


 James Lichlyter appeals the trial court's order denying his motion to modify. The
record reflects that James and Theresa Marie Visosky were divorced in March of 2000.
At the time of the divorce, it was agreed that James would pay $1,800 per month for the
three minor children, support would be reduced to $1,700 when only two minors remained
in the household, and support further reduced to $1,400 when only one minor remained. 
In November 2001, James moved to modify the divorce decree and an agreed judgment
was entered December 3, 2002. In that petition, James sought modification regarding
possession and access, but not child support. On May 8, 2003, James filed another motion
to modify, this time seeking to reduce child support for the sole child remaining in the
household by $200. The trial court denied the motion and ordered James to pay $4,000
in attorney's fees to Theresa. From that order, James brings this appeal.

 In his first issue, James contends the trial court abused its discretion in failing to
find the circumstances of the child or a person affected by the order had materially and
substantially changed since the order's rendition. We review the trial court's decision
under the following standard:

 A court's child support order will not be disturbed on appeal unless the
complaining party shows that the order constituted a clear abuse of the
court's discretion. The test is whether the court acted arbitrarily or
unreasonably, without reference to any guiding rules and principles. If the
court determines a material and substantial change has occurred, the extent
of the alteration of the amount of child support also lies within the court's
discretion. When there is some evidence of a substantive and probative
character to support the decision, no abuse of discretion occurs. Under this
particular standard of review, legal and factual sufficiency claims are not
independent grounds of error but are incorporated into a determination of
whether the trial court abused its discretion.


Farish v. Farish, 921 S.W.2d 538, 541-42 (Tex. App.--Beaumont 1996, no pet.) (citations
omitted).

 James argues there was a material and substantial change in circumstances of
himself, Theresa, and the child at issue. Regarding himself, James contends "[his]
liabilities were increased by a subsequent marriage which included two step-children, a
new home, additional automobiles and unexpected costs and liabilities incurred on behalf
of adult children." James admits that since the order was rendered, his income has
increased by thirty-four percent, from a gross annual salary of $86,000 to approximately
$133,080. Regarding Theresa, James notes "[her] current financial situation has been
enhanced by an increase in salary, graduation of the two eldest children from high school,
and a subsequent marriage which, . . . has certainly benefited [sic] [Theresa] by relieving
a substantial portion of recurring monthly expense . . .." As to the child, the only change
James refers to is that she has elected not to attend private school. However, James
concedes he "has no intention of trying to modify that order." 

 James cites no authority for his position that the changes he relies upon constitute
a material and substantial change so as to support a decrease in child support, particularly
in light of James' increased income. James represented to the trial court that he sought the
decrease of $200 a month in order that he might give that money to the second child,
currently attending college. However well-intentioned, James' desire to offer additional
support to an adult child does not constitute a material and substantial change in
circumstance warranting a decrease in child support. We find the evidence does not
demonstrate an abuse of discretion by the trial court and overrule issue one.

 In his second issue, James argues the trial court erred in awarding Theresa
attorney's fees. James contends the trial court must have based its award on section
156.005, which provides that if the court finds the petition was filed frivolously or to
harass the other party, the court shall tax attorney's fees as costs against the offending
party. See Tex. Fam. Code Ann. § 156.005 (Vernon 2002). He bases his claim on the
award being to Theresa, rather than her attorney. However, the trial court made no
findings of frivolousness or harassment, and the record does not demonstrate the award
was made on that basis. Under section 106.002, the trial court may render judgment for
reasonable attorney's fees and order payment directly to an attorney. (1) James cites no
authority for the proposition that because he is ordered to pay fees to Theresa, rather than
her attorney, this is not an award under section 106.002. We find James has not shown
the trial court abused its discretion in awarding Theresa attorney's fees. Issue two is
overruled.

 Theresa's request for assessment of damages for filing a frivolous appeal is denied. The judgment of the trial court is AFFIRMED.

 PER CURIAM


Submitted on September 28, 2004

Opinion Delivered October 14, 2004



Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. See Act of April 11, 1997, 75th Leg., R.S., ch. 15, 1997 Tex. Gen. Laws 55 (amended
2003) (current version at Tex. Fam. Code Ann. § 106.002 (Vernon Supp. 2004)).